# EXHIBIT 1

Copy
225590

IN THE _____ CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

JOSE MORAN MANCIA DBA K&J CARPENTRY,
*Plaintiff,*

vs.   Case: 16C1219

SCOTTSDALE INSURANCE COMPANY and
NATIONWIDE INSURANCE COMPANY;
*Defendants,*

## COMPLAINT

COMES NOW, the Plaintiff, JOSE MORAN MANCIA DBA K&J CARPENTRY, by and through attorneys of record, Zale Dowlen and Caesar Cirigliano and for this cause of action would show this Honorable Court as follows:

### JURISDICTION AND VENUE

1. The incident giving rise to this action occurred in DAVIDSON County, therefore, venue is proper, including pursuant to Tenn. Code Ann. § 20-4-101.

### PARTIES

2. The Plaintiff, JOSE MORAN MANCIA DBA K&J CARPENTRY is a resident of NASHVILLE, DAVIDSON County, TENNESSEE.

3. Defendant, SCOTTSDALE INSURANCE COMPANY is, upon information and belief, a subsidiary of NATIONWIDE INSURANCE COMPANY. Both SCOTTSDALE INSURANCE COMPANY and NATIONWIDE INSURANCE COMPANY are insurance companies doing business in the State of Tennessee. SCOTTSDALE INSURANCE COMPANY has a home office address of 8877 North Gainey Center Drive, Scottsdale, AZ 85258, in which service can be obtained through the Tennessee Commissioner of Insurance. NATIONWIDE INSURANCE COMPANY has a home office address of One Nationwide Plaza, Columbus, Ohio 43215-2220, in which service can be obtained

1

Copy

through the Tennessee Commissioner of Insurance.

## FACTS

4. On or about May 14th, 2015, the Plaintiff was doing business in Davidson County as K&J Construction. The Plaintiff had a Commercial General Liability insurance policy with Scottsdale Insurance Company.

5. The Plaintiff's policy number with the Defendants was CPS2119125. The policy period was 10/29/14 – 10/29/15.

6. On or about November 16th, 2014, there was a liability loss incurred by the Plaintiff. That loss was reported to the Defendants.

7. On or about May 14th, 2015, the Defendant, SCOTTSDALE INSURANCE COMPANY, issued a letter denying coverage to the Plaintiff. As a result of the letter, the Plaintiff, a framing contractor, lost his sole client, LCS, a commercial property developer, due to not having coverage for this loss. This was a significant client to the Plaintiff. This was a catastrophic for the Plaintiff and the entire team he employed, which lost the contract with LCS for approximately ninety (90) more housing units left to be framed plus moneys still owed for the previous ninety (90) units. This contract would have continued for approximately another eighteen (18) months.

8. The denial of coverage was issued during the course of litigating the liability claim reported by the Plaintiff.

9. At no point did the Defendants, SCOTTSDALE INSURANCE COMPANY and/or NATIONWIDE INSURANCE COMPANY, issue a Reservation of Rights letter.

10. At no point did the Defendants, SCOTTSDALE INSURANCE COMPANY and/or NATIONWIDE INSURANCE COMPANY, formally enter the litigation or offer a defense to the Plaintiff.

11. At no point did the Defendants, SCOTTSDALE INSURANCE COMPANY and/or NATIONWIDE INSURANCE COMPANY, file a Declaratory Judgment Action to ask the court to make a determination with regard to coverage.

12. It is upon information and belief that the agent who issued the policy advised the Defendants, SCOTTSDALE INSURANCE COMPANY and/or NATIONWIDE INSURANCE COMPANY, at all times throughout the life of the claim, that coverage should be afforded to the Plaintiff. It is apparent that the Defendants finally agreed with the agent.

12. On or about December 8th, 2015, Defendant, SCOTTSDALE INSURANCE COMPANY, issued a letter to the Plaintiff explaining that they were accepting coverage. However, there was no explanation given as to the May 14th, 2015 denial letter. With a single denial letter the Defendants put the Plaintiff out of business.

13. No facts, with regard to the reported loss, changed between May 14th, 2015, the issuance of the denial letter, and December 8th, 2015, the issuance of the acceptance of coverage letter.

14. It is upon information and belief that the Defendants, SCOTTSDALE INSURANCE COMPANY and/or NATIONWIDE INSURANCE COMPANY resolved the underlying claim and litigation for which the Plaintiff filed the claim.

15. The effects of the Defendants actions were a breach of the contract, a policy of insurance, between the Plaintiff and the Defendants. This breach was devastating to the business of the Plaintiff.

16. As a direct result of the Defendants' intentional, fraudulent, malicious, or reckless action, the Plaintiff was inflicted with additional expense, loss, or injury including attorney fees, including but not limited to:

3

Copy

Copy

a) Lost his sole client, LCS.
b) Changed his business from a multi-man framing contractor business to a sole person business doing small restoration jobs.
c) Has had to sell his personal property and take on loans to cover what LCS refused to pay due to the lack of insurance.
d) Had to pay for his own defense attorney.

17. SCOTTSDALE INSURANCE COMPANY and / or NATIONWIDE INSURANCE COMPANY is in the business of writing, marketing and selling Commercial General Liability and similar policies throughout the United States.

18. SCOTTSDALE INSURANCE COMPANY and / or NATIONWIDE INSURANCE COMPANY knows or should have known that many businesses, such as the Plaintiff's, cannot function without insurance coverage. Therefore, the damage caused by the Defendants' reckless and egregious denial was foreseeable.

19. SCOTTSDALE INSURANCE COMPANY and / or NATIONWIDE INSURANCE COMPANY, the Defendants, acted in Bad Faith and breached their contract with the Plaintiff when they issued the denial letter on May 14th, 2015.

20. SCOTTSDALE INSURANCE COMPANY and / or NATIONWIDE INSURANCE COMPANY, the Defendants, partially remedied this Bad Faith and breach of contract by accepting coverage on December 8th, 2015. However, the damage, as outlined above, was done to the Plaintiff.

21. The Plaintiff has performed all conditions precedent for payment of the claim under the terms and conditions of the aforesaid policy of insurance. Furthermore, at all times mentioned above, the Plaintiff was free of any acts of negligence.

22. As a result of the Defendants' negligence, the Plaintiff suffered financial losses as a direct and proximate result of the Bad Faith denial, as described herein. These



losses total $628,500.00, after treble damages are applied.

## COMMON LAW ACTS OF NEGLIGENCE

23. The Defendants are guilty of negligence in that they:
    (a) Failed to fully investigate this claim;
    (b) Failed to heed the recommendation of the issuing agent;
    (c) Failed to issue any sort of Reservation of Rights letter, advising the client of any potential coverage issue;
    (d) Failed to defend the Plaintiff under a Reservation of Rights;
    (e) Failed to seek Declaratory Judgment relief from the court for the believed lack of coverage;
    (f) Failed to follow their own contractual promises contained in their policy of insurance;
    (g) Failed to appropriately oversee the claims operation;
    (h) Failed to appropriately train adjusters in investigating coverage;
    (i) Failed to appropriately train adjusters in understanding commercial coverage;
    (j) Failed to appropriately train adjusters in handling coverage disputes;
    (k) Failed to appropriately train adjusters in handling litigation;
    (l) Failed to appropriately train adjuster in finding coverage for insureds;
    (m) Failed to appropriately manage the commercial claims department handling of coverage;
    (n) Acted in a manner that was intentional, fraudulent, malicious, or reckless.

## STATUTORY ACTS OF NEGLIGENCE

24. The Defendants are guilty of negligence per se in that they:
    (a) Failed to act in good faith by refusing to pay the claim under Tenn. Code Ann. § 56-7-105;
    (b) Defendants' acts and practices, set forth above, violate the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-104 *et seq.* and the use or employment by the Defendants of said unfair and

5

Copy

deceptive acts and practices constitute willful or knowing violations under Tenn. Code Ann. §47-18-109 *et seq* allowing for the Plaintiff to recover treble damages from the Defendants.

## DAMAGE OF PLAINTIFF

25. As a direct and proximate result of the carelessness, negligence, negligence per se and intentional, fraudulent, malicious, or reckless actions of the Defendants, as described above, the Plaintiff was damaged as follows:

   (a) JOSE MORAN MANCIA DBA K&J CARPENTRY sustained significant monetary damages due to the loss of his business;

   (b) JOSE MORAN MANCIA DBA K&J CARPENTRY has incurred bills due to the loss of his business;

   (c) JOSE MORAN MANCIA DBA K&J CARPENTRY has experienced significant emotional trauma and stress related to the aforementioned negligent and/or intentional actions of the Defendants;

   (d) JOSE MORAN MANCIA DBA K&J CARPENTRY is entitled to treble damages under Tennessee Common Law.

   (c) Such other damages as the Plaintiff may have sustained which were proximately caused by the actions aforementioned.

## DEMAND

WHEREFORE, the Plaintiff prays unto the court that he have and recover judgment against the Defendants as follows:

1. That the Defendants be served with process and be required to answer within the time prescribed by law;

2. For damages awarded to the Plaintiff for lost business revenues, emotional distress, bad faith, breach of contract and other expenses, not less than $628,500 against the defendants, jointly and/or severably;

3.  That the Plaintiff be awarded judgment for the Defendants' bad faith refusal to pay the Plaintiffs' claim, not exceeding twenty-five percent (25%) pursuant to Tenn. Code Ann. §56-7-105;

4.  That the Plaintiff be awarded judgment for compensatory and treble damages for violation of Tennessee Common Law;

5.  For post judgment interest and for the costs of this action; and

5.  For such other and further relief as to which the Court may deem to be just and proper.

Respectfully Submitted,

CAESAR CIRIGLIANO 026242
736 OLD HICKORY BLVD
NASHVILLE TN 37209
615-545-8320

**COST BOND**

We are surety for costs in this case pursuant Tenn. Code Ann. § 20-12-120 *et seq.*

CAESAR CIRIGLIANO 026242

7

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2016 MAY -4 AM 9:52
RICHARD R ROOKER, CLERK

[x] First
[ ] Alias
[ ] Pluries

JOSE MORAN MANCIA
DBA K&J CARPENTRY

Plaintiff

Vs.

SCOTTSDALE INSURANCE COMPANY
8877 NORTH GAINEY CENTER DRIVE
SCOTTSDALE AZ. 85258

Defendant

CIVIL ACTION DOCKET NO. 16C1219

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[x] Commissioner of Insurance $15 / 70
     ck#1158
DI w/c

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-4-16

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
|---|---|
| | 736 OLD HICKORY BLVD , NASHVILLE TN 37209 |
| | Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2016 MAY -4 AM 9:51

RICHARD R. ROOKER, CLERK

[X] First
[ ] Alias
[ ] Pluries

JOSE MORAN MANCIA

DBA K&J CARPENTRY

CIVIL ACTION
DOCKET NO. 16C1219

Plaintiff

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

Vs.

NATIONWIDE INSURANCE COMPANY

ONE NATIONWIDE PLAZA

COLUMBUS, OHIO 43215-2220

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5/4/16

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
|---|---|
| | 736 OLD HICKORY BLVD, NASHVILLE TN 37209 |
| | Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of __MAY 0 6 2016_____, 20_____, I:

☐ served this summons and complaint/petition on _____ in the following manner:

SERVED BY LEAVING COPY W/COMM. OF INS.

☐ failed to serve this summons within 90 days after its issuance because _____

_____
Deputy Chris Prater
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2016 MAY -4 AM 9:52
RICHARD R ROOKER, CLERK

[x] First
[ ] Alias
[ ] Pluries

JOSE MORAN MANCIA

DBA K&J CARPENTRY

CIVIL ACTION DOCKET NO. 16C1219

Plaintiff

Vs.

SCOTTSDALE INSURANCE COMPANY

8877 NORTH GAINEY CENTER DRIVE

SCOTTSDALE AZ. 85258

Defendant

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[x] Commissioner of Insurance $15.70

ck#1158

D1 w/c

**To the above named Defendant:**

You are summoned to *appear* and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be *made within* thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-4-16

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
| | 736 OLD HICKORY BLVD, NASHVILLE TN 37209 |
| | Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this 5th day of MAY, 20 16

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy 

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of __MAY 0 6 2016_____, 20_____, I:

☐ served this summons and complaint/petition on _____ in the following manner:

SERVED BY LEAVING COPY
W/COMM. OF INS.

☐ failed to serve this summons within 90 days after its issuance because _____

_____
Deputy Chris Prater
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 ____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

Copy

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

FILED 2016 MAY -4 AM 9:51
RICHARD R. ROOKER, CLERK

[X] First
[ ] Alias
[ ] Pluries

JOSE MORAN MANCIA
DBA K&J CARPENTRY

Plaintiff

Vs.

NATIONWIDE INSURANCE COMPANY
ONE NATIONWIDE PLAZA
COLUMBUS, OHIO 43215-2220

Defendant

CIVIL ACTION DOCKET NO. 16C1219

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

cc# 1157
D2 w/c

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5/4/16

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
|---|---|
| | 736 OLD HICKORY BLVD, NASHVILLE TN 37209 |
| | Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this 5th day of MAY, 2016

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

May 11, 2016

Scottsdale Insurance Company
2908 Poston Avenue, % Corporation Service
Nashville, TN 37203
NAIC # 41297

Certified Mail
Return Receipt Requested
7015 0640 0007 0043 4603
Cashier # 25741

Re: Jose Moran Mancia Dba K&J Carpentry V. Scottsdale Insurance Company

Docket # 16C1219

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served May 9, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
Davidson County
1 Public Square, Room 302
Nashville, Tn 37219-6303

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

JOSE MORAN MANCIA

DBA K&J CARPENTRY

CIVIL ACTION DOCKET NO. 16C1219

Plaintiff

Vs.

SCOTTSDALE INSURANCE COMPANY

8877 NORTH GAINEY CENTER DRIVE

SCOTTSDALE AZ. 85258

Defendant

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-4-16

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
| | 736 OLD HICKORY BLVD, NASHVILLE TN 37209 |
| | Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

SHERIFF

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.




**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

May 11, 2016

Nationwide Mutual Insurance Company
2908 Poston Avenue, C/O C S C
Nashville, TN 37203
NAIC # 23787

Certified Mail
Return Receipt Requested
7015 0640 0007 0043 4597
Cashier # 25740

Re:   Jose Moran Mancia Dba K&J Carpentry   V.   Nationwide Mutual Insurance Company

Docket # 16C1219

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served May 9, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn 37219-6303

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

# STATE OF TENNESSEE
## DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

**JOSE MORAN MANCIA**

**DBA K&J CARPENTRY**

Plaintiff

CIVIL ACTION DOCKET NO. 16C1219

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance

Vs.

**NATIONWIDE INSURANCE COMPANY**

**ONE NATIONWIDE PLAZA**

**COLUMBUS, OHIO 43215-2220**

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-4-16

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _[signature]_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | CAESAR CIRIGLIANO |
|---|---|
| | 736 OLD HICKORY BLVD, NASHVILLE TN 37209 — Address |
| | 615-545-8320 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.